CARLSMITH BALL LLP

WILLIAM M. HARSTAD     8942-0
ARSIMA A. MULLER     8631-0
ASB Tower, Suite 2100
1001 Bishop Street
Honolulu, Hawaii 96813
Tel No. 808.523.2500
Fax No. 808.523.0842
wharstad@carlsmith.com
amuller@carlsmith.com

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MARISCO, LTD.,<br><br>    Plaintiff,<br><br>vs.<br><br>M/V HERCULES, official no.: 1267677/IMO: 9677923, her engines, tackle, equipment, rigging, dinghies, furniture, appurtenances, etc., *in rem*, and GREAT EASTERN GROUP, INC., her Owner/Representative *in personam*,<br><br>    Defendants. | IN ADMIRALTY<br>CIVIL NO. _____<br><br>**VERIFIED COMPLAINT *IN REM* AND *IN PERSONAM*,** EXHIBITS "A" TO "G"; VERIFICATION; SUMMONS |

4885-6344-2791.6

## **VERIFIED COMPLAINT *IN REM* AND *IN PERSONAM***

The Verified Complaint *in rem* and *in personam* of Plaintiff MARISCO, LTD. ("**Marisco**" or "**Plaintiff**"), in a cause civil and maritime, against the M/V HERCULES, an 87.90 meter offshore supply ship, Official No.: 1267677/IMO: 9677923, her engines, tackle, equipment, rigging, dinghies, furniture, appurtenances, etc. (the "**Vessel**" or "**HERCULES**"), *in rem*, and GREAT EASTERN GROUP INC., as her Owner/Representative, *in personam*, respectfully shows:

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1333 and the Commercial Instruments and Maritime Lien Act, embodied at 46 U.S.C. sections 31301, *et seq.* This action is an admiralty and maritime claim within the meaning of Federal Rule of Civil Procedure 9(h), and within the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions (the "**Supplemental Rules**").

2. Jurisdiction in this Court is also proper by way of diversity jurisdiction pursuant to 28 U.S.C. § 1332; the matter in controversy exceeds $75,000, and is between citizens of different states, specifically, Hawaii and Florida.

3. Venue is proper in the United States District Court for the District of Hawaii pursuant to 33 U.S.C. § 1391(b)(2) because the *in rem* Defendant, HERCULES, is or will soon be located in the judicial district.

4. The *in rem* Defendant, HERCULES, a 87.90 meter offshore supply ship, is currently located at Pier 7 at the Kalaeloa Barbers Point Harbor, Kapolei, Hawaii 96707.

5. Upon information and belief, the *in personam* Defendant, GREAT EASTERN GROUP INC. ("**Great Eastern**") is a corporation incorporated in Florida, with its principal place of business in Fort Lauderdale, Florida.

6. Defendant Great Eastern cannot be found within the District of Hawaii within the meaning of Rule B of the Supplemental Rules. In particular, (1) Great Eastern is not registered with the Department of Commerce and Consumer Affairs of the State of Hawaii; (2) no place of business for Great Eastern has been found in Hawaii; (3) no agent for service of process for Great Eastern has been found in Hawaii; and (4) Great Eastern has no listing in any known Hawaii telephone directory.

7. The *in rem* Defendant, HERCULES, is now and is expected during the pendency of this action to remain within the District of Hawaii within the meaning of Rule C of the Supplemental Rules.

8. Plaintiff Marisco is a corporation incorporated in Hawaii, with its principal place of business in Kapolei, Hawaii.

9. Upon information and belief, Great Eastern owned, owned *pro hac vice*, operated, managed, chartered, or controlled the HERCULES.

10. On or about April 21, 2023, Marisco and Great Eastern executed a Ship Repair Contract. The Ship Repair Contract provides for Marisco to perform certain repair work upon the Vessel, pursuant to the Dry Docking Specification, appended thereto. A true and correct copy of the Ship Repair Contract and Dry Docking Specification for the HERCULES is attached hereto as Exhibit "A."

11. From between April 21, 2023 through May 23, 2023, Marisco performed the repair work to the Vessel as provided in the Ship Repair Contract, at Marisco's facility in Kapolei, Hawaii. A listing of work performed and completed on the Vessel pursuant to the Ship Repair Contract (including several change orders) is attached hereto as Exhibit "B." Great Eastern accepted the Vessel and the work.

12. The estimated total amount for all work listed on Exhibit B was $884,470.40. Marisco has invoiced Great Eastern for the work performed, as detailed below.

13. On May 2, 2023, Marisco sent Great Eastern Invoice C16529,

in the amount of $300,000.00, via e-mail correspondence. A true and correct copy of Invoice C16529, as well as partial billing backup as of April 30, 2023 (sent to Great Eastern on May 3, 2023), are attached hereto as Exhibit "C."

14. On May 16, 2023, Marisco sent Great Eastern Invoice C16530, in the additional amount of $300,000.00, via e-mail correspondence. A true and correct copy of Invoice C16530, as well as partial billing backup as of May 14, 2023 (sent concurrently with Invoice C16530), are attached hereto as Exhibit "D."

15. On May 19, 2023, Marisco sent Great Eastern Invoice C16533, in the additional amount of $284,474.40, via e-mail correspondence. A true and correct copy of Invoice C16533, as well as partial billing backup as of May 19, 2023 (sent concurrently with Invoice C16533), are attached hereto as Exhibit "E."

16. On May 31, 2023, Marisco sent Great Eastern Credit Memo C16539, reflecting a final billing credit of -$22,040.68, for a final billing amount due under the Ship Repair Contract of $862,433.72. A true and correct copy of Credit Memo C16539, as well as the final billing backup dated May 31, 2023 (sent concurrently with Credit Memo C16539), are attached hereto as Exhibit "F."

17. Great Eastern has paid Marisco only $300,000.00 of the total invoiced amount under the Ship Repair Contract, which has been duly credited.

18. The outstanding balance owed to Marisco under the Ship Repair Contract amounts to FIVE HUNDRED SIXTY-TWO THOUSAND, FOUR

HUNDRED THIRTY-THREE DOLLARS AND SEVENTY-TWO CENTS ($562,433.72).

19. Additionally, prior to the parties' entering into the Ship Repair Contract, at Great Eastern's request, Marisco agreed to perform, and did perform certain repairs to the HERCULES in March and April 2023, while the HERCULES was berthed at Pearl Harbor (the "**Pearl Harbor Repairs**").

20. Marisco invoiced Great Eastern a total of $9,720.85 for the Pearl Harbor Repairs on the HERCULES. On March 2, 2023, Marisco sent Great Eastern Invoice C16495, in the amount of $7,550.55, via e-mail correspondence. On April 17, 2023, Marisco sent Great Eastern Invoice C16518, in the amount of 2,170.30, via e-mail correspondence. True and correct copies of Invoice C16495 and Invoice C16518 are attached hereto as Exhibit "G."

21. Great Eastern has not paid Marisco any of the invoiced amounts for the Pearl Harbor Repairs.

22. The outstanding balance owed to Marisco for the Pearl Harbor Repairs amounts to NINE THOUSAND, SEVEN HUNDRED AND TWENTY DOLLARS AND EIGHTY-FIVE CENTS ($9,720.85).

23. Without legal cause or any justification, Great Eastern has failed to pay the outstanding amounts due and owing to Marisco in spite of repeated requests.

## COUNT I
## BREACH OF SHIP REPAIR CONTRACT

24. Marisco repeats and reallages each and every of the preceding paragraphs herein.

25. Marisco has performed all its obligations under the Ship Repair Contract and fulfilled any and all conditions necessary prior to the filing of this action.

26. Great Eastern's failure to pay the amounts due and owing for the work performed by Marisco under the Ship Repair Contract is a breach of that contract.

27. Marisco is entitled to recover all damages, as well as related costs and interest, from Great Eastern resulting from Great Eastern's breach of the Ship Repair Contract.

## COUNT II
## BREACH OF CONTRACT

28. Marisco repeats and reallages each and every of the preceding paragraphs herein.

29. Marisco has performed all its obligations under its agreement with Great Eastern to perform the Pearl Harbor Repairs and fulfilled any and all conditions necessary prior to the filing of this action.

30. Great Eastern's failure to pay the amounts due and owing for the Pearl Harbor Repairs performed by Marisco is a breach of contract between Marisco and Great Eastern.

31. Marisco is entitled to recover all damages, as well as related costs and interest, from Great Eastern resulting from Great Eastern's failure to pay Marisco for the Pearl Harbor Repairs.

## COUNT III
## MARITIME LIEN

32. Marisco repeats and reallages each and every of the preceding paragraphs herein.

33. Marisco provided valuable repair work and other useful maritime necessaries to the Vessel for her benefit.

34. Repair work and other maritime necessaries were accepted by the Vessel and her actual or ostensible owner, and enjoyed by them.

35. Marisco has a rightful expectation of payment for these maritime services, but has not been paid for them.

36. Pursuant to 46 U.S.C. § 31342, Marisco has a maritime lien on the Vessel.

37. Marisco is currently owed $562,433.72 for repair work it performed on the Vessel under the Ship Repair Contract, exclusive of interest and attorneys' fees and costs.

38. Marisco is also currently owed $9,720.85 for the Pearl Harbor Repairs it performed on the Vessel, exclusive of interest and attorneys' fees and costs.

39. Plaintiff Marisco is entitled to interest, as well as reasonable fees and costs, including attorneys' fees and costs, arising from both the repair work it performed under the Ship Repair Contract and the Pearl Harbor Repairs.

WHEREFORE, Marisco prays:

A. For an order providing for pre-judgment attachment and issuance of warrant for maritime arrest of the M/V HERCULES, an 87.90 meter offshore supply ship, Official No.: 1267677/IMO: 9677923, her engines, tackle, equipment, rigging, dinghies, furniture, appurtenances, etc., and all other necessaries thereunto appertaining and belonging, all pursuant to and authorized by Federal Rule of Civil Procedure Supplemental Admiralty Rule C;

B. That the HERCULES be condemned and sold to satisfy the lien of the Plaintiff, in whole or in part, with interest, costs, late fees, expenses and attorneys' fees;

C. That the Court enter judgment against the Defendant *in personam* GREAT EASTERN GROUP, INC., for the total amount due to Marisco under the Ship Repair Contract and for the Pearl Harbor Repairs, including

interest, attorneys' fees, late charges, costs of sale, costs of holding the secured collateral; and

       D.     For such other relief as this Court deems just and proper.

DATED: Honolulu, Hawaii, June 2, 2023.

                                  /s/ William M. Harstad
                                  WILLIAM M. HARSTAD
                                  ARSIMA A. MULLER

                                  Attorneys for Plaintiff
                                  MARISCO, LTD.