IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MARISCO, LTD., <br><br> Plaintiff, <br><br> vs. <br><br> M/V HERCULES, et al., <br><br> Defendants. | CIVIL NO. 23-00239 JAO-WRP <br><br> ORDER DENYING MOTION TO TRANSFER VENUE, OF GULFMARK AMERICAS, INC. AS OWNER OF DEFENDANT M/V HERCULES (ECF NO. 62) |

**ORDER DENYING MOTION TO TRANSFER VENUE, OF GULFMARK AMERICAS, INC. AS OWNER OF DEFENDANT M/V HERCULES (ECF NO. 62)**

Plaintiff Marisco, Ltd. ("Plaintiff") contends it is owed money for repairs it performed on the vessel M/V Hercules (the "Vessel") in part pursuant to a contract with Defendant Great Eastern Group, Inc. ("GEG"). Gulfmark Americas, Inc. ("GulfMark"), the owner of the Vessel and now also a defendant in this action, asks the Court to transfer this case to the United States District Court for the Southern District of Florida under 28 U.S.C. § 1404(a) because GEG's bankruptcy proceeding is now pending in that District. ECF No. 62 ("Motion"). For the following reasons, the Court DENIES the Motion.

## I. BACKGROUND

Between March and May of 2023, Plaintiff performed repair work on the Vessel. *See* ECF No. 78 ¶¶ 11–14. Most of the work was performed at Plaintiff's facility in Kapolei pursuant to a Ship Repair Contract with GEG, who was operating, managing, chartering, or controlling the Vessel at that time. *See id*. ¶¶ 13–21. Plaintiff performed some of the work before Plaintiff and GEG entered into that agreement, although still at GEG's request, and while the Vessel was berthed at Pearl Harbor. *Id.* ¶¶ 22–25.

GulfMark owns the Vessel and, according to Plaintiff, was monitoring the status and condition of the Vessel at the time Plaintiff was repairing it. *See id.* ¶¶ 27–33. For example, GulfMark hired marine surveyors who traveled to Hawaiʻi to assist with maintenance and repairs of the Vessel; GulfMark was aware Plaintiff was making repairs to the Vessel and even indicated it intended to pay Plaintiff for its work on the Vessel; and GulfMark directly paid other vendors both in and outside Hawaiʻi for their services related to repairing the Vessel. *See id.*

Plaintiff contends that neither GEG nor GulfMark has paid it for all the services and materials it provided for the benefit of the Vessel. *See, e.g.*, *id.* ¶¶ 26, 55. In total, Plaintiff claims it is owed $572,154.57 (excluding interest and costs). *See id.* ¶¶ 21, 25. To recover that amount, Plaintiff filed this action in June 2023,

bringing two breach of contract claims against GEG and asserting a maritime lien claim against the Vessel, in rem.  *See* ECF No. 1.

There is no dispute that, at the time Plaintiff initiated this action, the Vessel was in Hawaiʻi.  Shortly after initiating the action, Plaintiff obtained a warrant for maritime arrest allowing the U.S. Marshals to arrest the Vessel, ECF No. 12, and then an order permitting the Marshals to surrender custody of the Vessel to a substitute custodian, ECF No. 15.  This all happened before GulfMark made a restricted appearance in this action as the Vessel's owner, ECF No. 16, at which time it sought to stay execution of the warrant, ECF No. 17.  Plaintiff and GulfMark were able to reach a resolution on the issue, and stipulated to the Vessel's release based on GulfMark providing adequate security by posting a bond.[1]  ECF Nos. 20, 21.

Plaintiff served GEG with the initial pleading; however, GEG failed to timely file any responsive pleading.  *See* ECF Nos. 34, 35; *see also* Entering Order dated Oct. 25, 2023.  To date, GEG has not appeared in this action.

Plaintiff eventually moved to amend its initial Complaint to add two claims against GulfMark, in personam, for unjust enrichment and quantum meruit, based on the theory that Plaintiff bestowed a benefit on GulfMark by repairing its Vessel, which GulfMark has improperly retained without compensating Plaintiff.  ECF No.

---

[1] It appears the Vessel is no longer in Hawaiʻi.  *See* ECF No. 52-1.

48. GulfMark opposed the motion to amend. ECF No. 52. Before Magistrate Judge Porter could rule on that motion, GulfMark filed a notice indicating that GEG had filed a Chapter 11 bankruptcy petition in the United States Bankruptcy Court for the Southern District of Florida, and so asked the Court to stay this action. ECF No. 57. At Judge Porter's direction, the parties filed various position statements on what claims in this action were subject to the automatic bankruptcy stay. ECF Nos. 58, 60, 61, 63, 64, 65, 66. In the meantime, GulfMark also filed the Motion presently before the Court, seeking to transfer this action to the United States District Court for the Southern District of Florida, based on GEG's now-pending bankruptcy action in that District. ECF No. 62.

With regard to the question of what claims in the initial Complaint were subject to the automatic stay, Judge Porter ruled as follows:

> Upon review of Plaintiff and GulfMark Americas, Inc.'s (GulfMark) position statements concerning the automatic bankruptcy stay (see 11 U.S.C. 362), the Court finds that Plaintiff and GulfMark are in agreement that Counts I and II of the Complaint are subject to the automatic stay and that Count III is not subject to the automatic stay. Therefore, the Court STAYS this case as to Counts I and II of the Complaint only. This case will proceed as to Count III, and the Court intends to address the pending motions. If any party or GulfMark seeks action by the Court as to the automatic stay, it shall do so by stipulation or motion.

ECF No. 67.

With the automatic stay issue resolved, Judge Porter then ruled on Plaintiff's motion to add claims against GulfMark, in personam, which he granted. ECF No. 76. On August 30, 2024, Plaintiff thus filed the operative pleading, the First Amended Verified Complaint *in Rem* and *in Personam*, which again brings contract claims against GEG (that are stayed); a maritime lien claim against the Vessel in rem (that is not); and now claims for unjust enrichment and quantum meruit against GulfMark. ECF No. 78.

With those pending issues now resolved, the Court turns to address GulfMark's Motion requesting transfer to Florida under § 1404(a), ECF No. 62, which Plaintiff opposes, ECF No. 81, and which the Court has elected to resolve without a hearing, ECF No. 86.

## II. LEGAL STANDARD

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). This statute gives the district court discretion to decide a motion to transfer by weighing multiple case-specific factors. *See Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988). In general, a district court considers the balance of convenience and fairness. *See id.* "For example, the court may consider: (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing

law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof." *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498–99 (9th Cir. 2000).

### III.   DISCUSSION

#### A.   Plaintiff's Choice of Forum

A plaintiff's choice of forum is given substantial weight. *See Norwood v. Kirkpatrick*, 349 U.S. 29, 35 (1955); *see also Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986). However, a plaintiff's choice of forum is entitled to only minimal consideration "[i]f the operative facts have not occurred within the forum and the forum has no interest in the parties or subject matter." *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987).

Plaintiff, a Hawaiʻi corporation with its principal place of business here, is a citizen of Hawaiʻi. ECF No. 78 ¶ 10. As discussed more below, the claims in this action also arise out of work Plaintiff performed in Hawaiʻi for GulfMark's Vessel while it was in Hawaiʻi, pursuant to contracts it negotiated with GEG while in Hawaiʻi, which is also where it was when communicating with GulfMark after that work was complete. *See generally* ECF No. 78; *see also* ECF No. 81-1 ¶¶ 2–4.

Plaintiff's choice of forum in Hawaiʻi is thus afforded deference, and GulfMark must make a strong showing to convince the Court it should override that choice. *See Decker*, 805 F.2d at 843. A review of the other *Jones* factors leads the Court to conclude GulfMark has not met that burden here.

**B.     Place Where Relevant Agreements Were Negotiated & Executed**

GulfMark's motion makes no mention of any relevant agreements. *See generally* ECF No. 62. In opposing transfer, Plaintiff notes that this factor may have minimal weight when considering the maritime lien claim and claims against GulfMark, but this would still not mean it weighs in favor of transferring this case to Florida. *See* ECF No. 81 at 16. Plaintiff notes, for example, that it negotiated and executed the relevant repair contract with GEG in Hawaiʻi (itself governed by Hawaiʻi law with a forum selection clause placing venue in Hawaiʻi); that Plaintiff performed the repairs pursuant to that contract with GEG (but also, according to Plaintiff, for GulfMark's benefit) in Hawaiʻi, and then communicated with GulfMark from Hawaiʻi. *See id.* at 16 & n.5 (citing ECF No. 81-1 ¶¶ 3–4 and ECF No. 78-1 at 4); *see also* ECF No. 78 ¶¶ 27–34, 52–64. GulfMark does not respond to this argument in its reply. *See generally* ECF No. 83. The Court agrees that, based on the foregoing, this factor does not weigh in favor of sending this action to the Southern District of Florida—whose only connection to the active claims is the

fact that GEG is a Florida corporation with its principal place of business in Fort Lauderdale.  *See* ECF No. 78 ¶ 5.

**C.      Applicable Law**

GulfMark's motion also makes no mention of the applicable law nor how this factor weighs in the Court's analysis under § 1404(a).  *See generally* ECF No. 62.  In opposing transfer, Plaintiff concedes that the maritime lien claim is governed by federal law, but separately argues that because any claim against GulfMark will be governed by Hawai'i law, this factor weighs against transfer.  *See* ECF No. 81 at 16–17.  GulfMark does not respond to this point in reply.  *See generally* ECF No. 83.  The Court agrees that this factor weighs in favor of keeping this action here, even if only slightly.  *See Dawson v. Medtronic, Inc.*, 2013 WL 3322040, at *2 (C.D. Cal. Mar. 8, 2013).

**D.      Parties' Contacts with Forum & Contacts Relating to Causes of Action**

For many of the same reasons already discussed above, Plaintiff argues that its contacts with the forum and relating to the active claims also weigh in favor of keeping the case in Hawai'i.  *See* ECF No. 81 at 18–19.  Plaintiff further emphasizes the allegations in its verified pleading that GulfMark *also* has significant contacts with Hawai'i, particularly as relevant to the active claims in this action, because it: monitored the condition of the Vessel while it was located in Hawai'i; hired marine surveyors to monitor the Vessel here and assist with

repairs here; was aware Plaintiff was repairing the Vessel in Hawaiʻi and indicated it intended to pay Plaintiff for that work; and paid other vendors who were either located in Hawaiʻi or sent materials to Hawaiʻi while the Vessel was in Hawaiʻi. *See id.* (citing ECF No. 78 ¶¶ 27–33). And, again, Plaintiff notes that the only connection between the parties, these claims, and Florida is the fact that GEG was incorporated and based there. *See id.*

Once again, GulfMark does not respond to this argument or offer any argument of its own as to how these factors impact the analysis under § 1404(a). The Court agrees that neither factor supports sending this case to Florida.

E.  **Witnesses, Costs, and Access to Evidence**

The remaining *Jones* factors that address the availability of evidence, convenience of the witnesses, and comparative costs tend to overlap here, so the Court addresses them together—including how GEG's pending bankruptcy in Florida impacts these factors, and thus the analysis under § 1404(a).

"In assessing whether the convenience of the witnesses favors transfer, the Court must consider both the location and number of witnesses each side has and the relative importance of those witnesses." *Rubio v. Monsanto Co.*, 181 F. Supp. 3d 746, 763 (C.D. Cal. 2016). Plaintiff notes that most of the potential witnesses are in Hawaiʻi (e.g., its employees, as well as other third parties that worked on the Vessel while it was in Hawaiʻi, but which GulfMark *did* pay). *See* ECF No. 81 at

9

20–21.  Plaintiff points as well to GulfMark's own initial disclosures, listing one of its representatives in Texas, one of GEG's representatives in Florida, and at least seven individuals affiliated with Plaintiff located in Hawaiʻi as people likely to have discoverable information.  *See* ECF No. 81-3.

In its Motion, GulfMark suggests that the Court's subpoena power would not extend to GEG's witnesses ("whom are believed to be located outside of Hawaii") and noted that GulfMark's witnesses are also located outside Hawaiʻi.  *See* ECF No. 62 at 4–5.  But this vague argument is belied by GulfMark's own initial disclosures listing just two witnesses outside Hawaiʻi—only one of whom is in Florida (and the other of whom is a party witness).[2]  *See* ECF No. 81-3.  Other district courts have "accord[ed] more weight to the inconvenience of non-party witnesses, as party witnesses can be compelled to testify regardless of the forum in which the case is litigated."  *Rubio*, 181 F. Supp. at 763 (citing cases).  Based on the information before the Court, then, Plaintiff has identified more non-party witnesses with relevant information as compared to GulfMark, most of whom are in Hawaiʻi.[3]  *See* ECF No. 81 at 20–21.  And so based on this, the Court would

---

[2]  Although GulfMark cites no authority justifying this presumption, the Court presumes for the sake of this Motion that GEG's representative is a non-party witness given the claims against GEG are subject to the automatic stay.

[3]  As Plaintiff notes—and GulfMark does not dispute—there are also ways to subpoena non-parties who reside outside of Hawaiʻi.  *See* ECF No. 81 at 22 ("GulfMark's concerns about subpoena power are overstated; domestication is

agree GulfMark has not persuasively shown that the convenience of the witnesses factor justifies transfer.

Instead, GulfMark mostly suggests that the bankruptcy proceeding in Florida *is* the compelling reason why this case should also be heard there. In its Motion, GulfMark notes that both it and Plaintiff are creditors of GEG, that Plaintiff's claims (and any potential crossclaims GulfMark files against GEG) must proceed in the bankruptcy action, and that maintaining the action here would result in them both "hav[ing] to litigate the same claims against GEG in two separate forums." ECF No. 62 at 4. GulfMark also contends that, whereas GEG could not participate in discovery in this action if it remains here, the bankruptcy court would have subpoena power over GEG representatives, and "[t]ransfer of this action to the Southern District of Florida would allow the parties to take depositions concurrently in both this action and the bankruptcy action." *Id.* at 4. To alleviate any inconvenience to witnesses in the event of transfer, GulfMark offers that it would agree to depose Hawaiʻi witnesses remotely. *See id.* at 5; ECF No. 83 at 3.

First, some of GulfMark's points are hard to follow. For example, it fails to explain how the parties would have to litigate claims against GEG in *two separate forums* if the claims against GEG here are stayed. Further, GulfMark's offer

---

straightforward and comparatively inexpensive, and Great Eastern (and others) can be compelled to testify the same as any non-party."); *see also* Fed. R. Civ. P. 45.

11

regarding remote depositions does not necessarily address Plaintiff's concern that it will face other significant costs, e.g., in the form of having to hire local counsel in Florida if the Court transfers this case there. ECF No. 81 at 20. Nor, and more importantly, would it address the inconvenience to non-party witnesses having to fly from Hawaiʻi to Florida to testify at trial.

The Court is also not convinced that GulfMark's contention that discovery cannot proceed in this action somehow weighs in favor of transferring this case to Florida. *Compare* ECF No. 81 at 21–22 (Plaintiff arguing discovery can proceed, including against GEG, as to the non-stayed claims), *with* ECF No. 83 at 4–6 (GulfMark disputing this point). Even if GulfMark is correct that discovery here *cannot* proceed,[4] the Court is not convinced that would weigh in favor of transfer. If nothing can happen in this case, it is unclear why it matters whether it remains pending here or in Florida. And if discovery *can* proceed, the Court is also not convinced this weighs in favor of transfer. If transferred as GulfMark requests,

---

[4] If GulfMark maintains the position that discovery here must be stayed or the action in its entirety is subject to the automatic bankruptcy stay, it should file a separate motion seeking such relief. Merely raising the argument in a reply brief in support of a motion to transfer venue is not the appropriate way to do so. *Cf.* ECF No. 67 (Magistrate Judge Porter directing that: "If any party or GulfMark seeks action by the Court as to the automatic stay, it shall do so by stipulation or motion.").

this action would still be pending before a District Court,[5] not the Bankruptcy Court in the Southern District of Florida.  Still, GulfMark suggests that if the Court does *not* transfer this action to Florida, and discovery proceeds, everyone will be duplicating their work, i.e., taking the same deposition of the same witness twice.  *See* ECF No. 62 at 4; *see also* ECF No. 83 at 3 (stating in conclusory fashion that failure to transfer will duplicate efforts and costs).  GulfMark cites no authority to support this proposition, aside from suggesting (again without citation to authority) that *only* "the Florida bankruptcy court will have subpoena power over key GEG corporate representatives."  *Id.*  In short, GulfMark has not sufficiently explained why discovery between the related actions can only be coordinated if this action is pending in Florida.

On balance, when assessing convenience and the interests of justice, GulfMark has not shown that Plaintiff's choice of forum should be upset.  Because of that, the Court need not resolve the parties' other dispute regarding whether transfer is even available here given Plaintiff could only have filed this action here because the Vessel was located in Hawaiʻi at that time.  *Compare* ECF No. 81 at

---

[5]  GulfMark explicitly asks the Court to transfer this action to the United States *District* Court for the Southern District of Florida—not the *Bankruptcy* Court.  *See* ECF No. 62 at 2; ECF No. 83 at 8.  The Court presumes this is why it did not respond to Plaintiff's argument that this action could *not* be transferred to the bankruptcy court there in light of Plaintiff's maritime lien claim.  *See* ECF No. 81 at 24 n.6.

22–24 (contending the "might have been brought" requirement of § 1404(a) is therefore not met), *with* ECF No. 83 at 6–7 (citing *Cont'l Grain Co. v. The FBL-585*, 364 U.S. 19, 25, 80 (1960), which approved transfer of a claim, in rem, under § 1404(a) even though it could not have initially been brought in the transferee district because doing so in that case "carrie[d] out [§ 1404(a)'s] design to protect litigants, witnesses and the public against unnecessary inconvenience and expense, not to provide a shelter for in rem admiralty proceedings in costly and inconvenient forums").

## IV.  CONCLUSION

For the reasons stated above, the Court DENIES GulfMark's Motion seeking to transfer this action to the United States District Court for the Southern District of Florida.  ECF No. 62.

IT IS SO ORDERED.

DATED:  Honolulu, Hawai'i, October 1, 2024.



Jill A. Otake
United States District Judge

CIVIL NO. 23-00239 JAO-WRP, *Marisco, Ltd. v. M/V Hercules, et al.*; ORDER DENYING MOTION TO TRANSFER VENUE, OF GULFMARK AMERICAS, INC. AS OWNER OF DEFENDANT M/V HERCULES (ECF NO. 62)